**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Roberto MARRERO, Appellant.**

Superior Court of Pennsylvania.

Filed Nov. 15, 2006.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, PANELLA and TAMILIA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Roberto Marrero, appeals from the judgment of sentence entered on June 30, 2005, by the Honorable Susan I. Schulman, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶ 2 On November 6, 2004, Jeremy Wieland drove his vehicle to the movie theater at the Neshaminy Mall. Wieland parked his vehicle in the parking lot and entered the theater to watch a movie. After the movie ended, Wieland returned to the parking lot to find that his car was missing.

¶ 3 Wieland reported the vehicle stolen, and two days later, it was discovered on Sixth Street in Philadelphia. The vehicle's engine, which had been heavily modified by Wieland, had been removed. Nine latent fingerprints were recovered from the vehicle, including three from Marrero. Two of Marrero's prints were found in the interior of the engine compartment.

¶ 4 Marrero was charged with theft by unlawful taking,[1] theft by receiving stolen property,[2] unauthorized use of an automobile,[3] and criminal mischief.[4] Subsequently, the engine and other parts of Wieland's vehicle were turned over to the Philadelphia Police by an individual who was not linked to Marrero. On May 2, 2005, after a bench trial, the trial court convicted Marrero of receiving stolen property, unauthorized use of an automobile and criminal mischief. Thereafter, on June 30, 2005, the trial court denied Marrero's motion for extraordinary relief and sentenced him to a period of two years reporting probation, to be followed by two years of non-reporting probation. The trial court further ordered Marrero to pay $500.00 in restitution to Wieland. This timely appeal followed.

¶ 5 On appeal, Marrero raises the following issues for our review:

1. Was not the evidence insufficient to convict appellant of Receiving Stolen Property, Criminal Mischief, and

1. 18 Pa. Cons.Stat. Ann. § 3921(a).

2. 18 Pa. Cons.Stat. Ann. § 3925(a).

3. 18 Pa. Cons.Stat. Ann. § 3928(a).

4. 18 Pa. Cons.Stat. Ann. § 3304(a).

Unauthorized Use of an Automobile, where the only evidence connecting appellant to the automobile was three of his fingerprints lifted from the hood and engine compartment?

. . .

2. Should not the trial court have graded the Criminal Mischief as a summary offense where the Commonwealth failed to prove appellant caused pecuniary loss in excess of $500?

Appellant's Brief, at 3.

¶ 6 We begin by addressing Marrero's initial contention that the evidence presented at trial was insufficient to sustain his convictions. Our standard of review is well established. In reviewing sufficiency of the evidence claims, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.2003). We may not weigh the evidence and substitute our judgment for the fact-finder. *Id.* Moreover, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Id.*

¶ 7 Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001), *appeal denied*, 569 Pa. 716, 806 A.2d 858 (2002). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Furthermore, the entire record must be evaluated and all evidence actually received must be considered. *Id.* Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence. *Commonwealth v. Mitchell*, 588 Pa. 19, 50–51, 902 A.2d 430, 449 (2006).

¶ 8 Specifically, Marrero challenges the sufficiency of the Commonwealth's fingerprint evidence identifying him as the person who removed the engine from Wieland's car. Marrero argues that the present case is controlled by *Commonwealth v. Henry*, 875 A.2d 302 (Pa.Super.2005). In *Henry*, this Court held that the recovery of the defendant's fingerprints from an object inside the passenger compartment of a stolen vehicle was insufficient, by itself, to sustain a conviction for unauthorized use of an automobile. *Id.* at 306. Specifically, we concluded that "[t]he fingerprint alone is insufficient to establish operation, *i.e.*, conscience [sic] control or dominion over the vehicle, beyond a reasonable doubt." *Id.*

¶ 9 We find *Henry* distinguishable from the facts *sub judice*. Rather than having been found in the passenger compartment, which would have permitted an inference of being an innocent passenger, Marrero's fingerprints were found under the hood of Wieland's vehicle. Notes of Testimony, 05/02/05, at 27. It is important to note that one method of removing the engine from Wieland's vehicle would have required opening the hood of the car. The engine from Wieland's vehicle was, in fact, removed after the vehicle had been stolen. *Id.* at 15–16. Furthermore, the location under the hood was not susceptible to an inference of innocent contact. Wieland testified that he did not know Marrero and did not know of any reason why Marrero would have legitimately been under the hood of his vehicle. *Id.*, at 15–16.

¶ 10 Therefore, the trial court was justified in inferring that whoever removed the engine from Wieland's vehicle would have been under the hood of the vehicle. Accordingly, the presence of Marrero's fingerprints under the hood allowed for an inference that he was the person who removed the engine, which was an exercise of conscious control or dominion over the vehicle.

¶ 11 Marrero also argues that the Commonwealth failed to present sufficient evidence to establish the requisite "guilty knowledge" on his part. In order to sustain theft related convictions, the Commonwealth must establish that the defendant "knew or had reason to know" that the property in his possession was stolen. *Commonwealth v. Carson*, 405 Pa.Super. 492, 592 A.2d 1318, 1321 (1991), *appeal denied*, 529 Pa. 616, 600 A.2d 533 (1991). Such knowledge can be established by entirely circumstantial evidence. *Id.* Circumstances that can establish the requisite knowledge on the part of the defendant include: a short time between the theft and defendant's possession; the defendant's conduct at arrest and while in possession of the stolen property; the type of property; the location of the theft in comparison to the location where the defendant gained possession; the value of the property compared to the price paid for it; and the quantity of the stolen property. *Id.*, at 1321 fn. 4. Furthermore, the existence of damage to the steering column or ignition is a circumstance that allows for an inference that a person should know that a vehicle is stolen. *Id.*, at 1322.

¶ 12 In the present case, Wieland's vehicle had been stolen less than 48 hours before it was recovered. N.T., 05/02/05, at 21–23. We have previously held that possession of a vehicle twelve days after it had been stolen allowed for an inference of guilty knowledge. *Commonwealth v. Williams*, 468 Pa. 357, 369, 362 A.2d 244, 250 (1976). Here, the shorter time period between the theft and possession by the appellant created a stronger inference of guilty knowledge. As a result, the evidence was sufficient to establish Marrero's guilty knowledge. Furthermore, we conclude that the above reasoning also supports an inference that Marrero removed the engine from Wieland's vehicle. Therefore, the evidence was easily sufficient to establish that Marrero damaged Wieland's vehicle.

¶ 13 In his final issue on appeal, Marrero argues that the Commonwealth failed to establish that the damage to Wieland's vehicle exceeded $5000.00, as required for a conviction of criminal mischief graded as a felony of the third degree. 18 PA. CONS.STAT. ANN. § 3304(b). However, Wieland testified that he originally paid $2,000.00 for the engine, and subsequently put $4,000.00 into modifying and upgrading the engine. N.T., 5/2/2005, at 16. This evidence was sufficient to establish that Wieland's pecuniary loss exceeded $5,000.00.

¶ 14 Marrero argues that the fact that the engine was subsequently returned to Wieland intact obviates this loss. However, by the time the engine was returned, Wieland had already claimed the vehicle a total loss and collected the resulting insurance payment. Clearly, Wieland's insurer and Wieland himself suffered a combined loss in excess of $5,000.00. Accordingly, we conclude that Marrero's final issue on appeal merits no relief.

¶ 15 As we conclude that the evidence at trial was sufficient to support all of Marrero's convictions, we affirm the judgment of sentence.

¶ 16 Judgment of sentence affirmed. Jurisdiction relinquished.