**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID E. BALLARD, | |
| Appellant | No. 3427 EDA 2013 |

Appeal from the Judgment of Sentence November 15, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0006464-2011
CP-51-CR-0014219-2011

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 12, 2015**

Appellant, David E. Ballard, appeals from the judgment of sentence imposed following his jury conviction of two counts of receiving stolen property.[1]  He challenges the sufficiency of the evidence.  Specifically,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Receiving stolen property**

> **(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

> **(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

*(Footnote Continued Next Page)*

Appellant maintains that the evidence did not support the inference that he had guilty knowledge that the property was stolen. We affirm.

The facts of this case are not in substantial dispute. Appellant and the victims were all renters at the same storage facility. Renters received a code to gain access to the floor of their storage unit, but not to other floors. However, the storage units were covered with chicken wire instead of ceilings, for ventilation and sprinkler system access, creating an accessible crawl space. The evidence established that Appellant was storing multiple televisions, video games, musical equipment and similar items in his rented storage unit, stolen from other renters in the same storage facility, and selling them on Craigslist, often at steeply discounted prices. Appellant's unit, and the units of the victims, had their chicken wire pulled back. Using his cell phone records, police identified several buyers, and were able to confirm purchases as items stolen from the storage unit victims. A jury convicted Appellant of receiving stolen property.[2]

The court sentenced Appellant to a term of not less than eleven and one-half months' nor more than twenty-three months' incarceration, plus

_(Footnote Continued)_ ——————————

18 Pa.C.S.A. § 3925.

[2] The jury could not reach a verdict on the companion charges of burglary, theft by unlawful taking, criminal trespass, and criminal mischief. The Commonwealth declined to re-prosecute, and after the sentencing on the conviction of receiving stolen property, it _nolle prossed_ the remaining charges.

two years' probation, all consecutive to a federal sentence for identity theft based on evidence discovered when the police were searching his storage unit in connection with the thefts involved in this appeal. This timely appeal followed.[3]

Appellant raises one question for our review on appeal.

> Was not the evidence insufficient to prove the defendant guilty beyond a reasonable doubt of the crime of receiving stolen property because the evidence was insufficient to prove that the defendant received the property knowing that it was stolen or believing that it was probably stolen?

(Appellant's Brief, at 3).

Appellant's sole contention on appeal is that the evidence was insufficient to prove "guilty knowledge as to the larcenous status of the property." (*Id.* at 13). We disagree.

> Our standard of review is well established. In reviewing sufficiency of the evidence claims, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. We may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.
>
> Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

---

[3] Appellant filed a statement of errors on March 18, 2014. *See* Pa.R.A.P. 1925(b). The trial court and the suppression court filed opinions on June 9, 2014. *See* Pa.R.A.P. 1925(a). Appellant does not raise any issues related to the suppression claims in this appeal. Accordingly, we deem them abandoned.

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Furthermore, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Marrero*, 914 A.2d 870, 872 (Pa. Super. 2006) (citations omitted).

Appellant concedes that "the evidence presented at trial might have been ample to show that [he] sold merchandise which had been stolen[.]" (Appellant's Brief, at 19). Nevertheless, he maintains that it was insufficient to show that he knew or should have known that the property was stolen. (*See id.*).

Appellant presents two main arguments in support of this claim. First, he cites various alleged inconsistencies in the evidence, *e.g.*, claiming that the history of his access code/key pad activity was improbable. (*See id.* at 17). Secondly, he asserts that his maintenance of sales records, as well as his advertisement on Craigslist, were "open and obvious." (*Id.* at 18). He claims such factors "militate against . . . guilty knowledge." (*Id.*). In fact, they do not. Appellant offers no pertinent legal authority in support of the assertion that they do.

Such ["guilty"] knowledge can be established by entirely circumstantial evidence. Circumstances that can establish the requisite knowledge on the part of the defendant include: a short time between the theft and defendant's possession; the

- 4 -

defendant's conduct at arrest and while in possession of the stolen property; the type of property; the location of the theft in comparison to the location where the defendant gained possession; the value of the property compared to the price paid for it; and the quantity of the stolen property.

***Marrero***, ***supra*** at 873 (citations omitted); ***accord***, ***Commonwealth v. Foreman***, 797 A.2d 1005, 1012 (Pa. Super. 2002).

More fundamentally, however, Appellant's claims misconceive our standard of review, which views the evidence in the light most favorable to the Commonwealth as verdict winner. ***See Marrero***, ***supra*** at 872.

Appellant's claims amount to an implicit invitation for this Court to engage in an impermissible re-weighing of the evidence. We decline. Weighing the evidence was the province of the jury as fact-finder. ***See id.***

We conclude that the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was more than sufficient to establish that Appellant was guilty of receiving stolen property.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2015