**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Victoria A. ENGLE, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 30, 2003.

Filed April 1, 2004.

---

David P. Johnson, Assistant District Attorney, Lewisburg, for Commonwealth, appellant.

Craig P. Miller, Lock Haven, for appellee.

Before: STEVENS, ORIE MELVIN, and BOWES, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered by the Court of Common Pleas of Union County on November 20, 2002, which granted the petition for writ of habeas corpus of Appellee, Victoria Engle, thereby dismissing the charge of involuntary manslaughter against her. Herein, the Commonwealth contends that the trial court improperly excluded evidence based on statutory misinterpretation and misapplication; and, that the Commonwealth presented a *prima facie* case of involuntary manslaughter so as to preclude dismissal of the charge. We affirm.

¶ 2 The tragic events of this case began on October 4, 2001, at approximately 8:00 a.m. At that time, Ms. Engle placed her six-month-old foster child, Kaitlyn Garrity ("Child"), in a child restraint seat located on the rear bench seat of Ms. Engle's mini-van. She then departed her home in Mill Hall and began an approximate forty-five mile drive to attend a foster parent meeting at the Presbyterian Church in Lewisburg, which was scheduled to begin at 9:30 a.m. Child was behaving normally until Ms. Engle was approximately three miles outside Lewisburg, at which time Child started to cry.[1] However, by the time Ms. Engle reached the intersection of Route 15 and Market Street, which was a distance of 1.4 miles, Child had ceased crying. Believing that Child had fallen asleep, Ms. Engle, upon traveling approximately eight more blocks and arriving at her destination, the church parking lot, remained in her vehicle approximately five minutes completing paperwork.

¶ 3 While seated in her van, Ms. Engle was approached by Elizabeth Digan, who also was at the Presbyterian Church to attend the meeting. After the two women engaged in brief conversation, Ms. Engle exited her vehicle so the women could enter the meeting together. Ms. Engle retrieved a diaper bag located on the front seat of the vehicle, proceeded to the passenger side of the van, and opened the sliding door. At this time, Ms. Engle peered into the van and commented that Child had gotten out of her car seat. As Ms. Engle leaned forward, she suddenly jerked back and screamed that Child was blue and not breathing. While Ms. Engle ran for help, Ms. Digan administered cardiopulmonary resuscitation to Child. Police Officer Aaron Dimm arrived on the scene and began chest compressions until emergency personnel arrived. Tragically, efforts to resuscitate Child proved futile.

¶ 4 Ms. Engle was charged with involuntary manslaughter, 18 Pa.C.S.A. § 2504(a), for the death of Child. A review of the affidavit of probable cause contained in the criminal complaint filed against Ms. Engle reveals that the majority of facts contained therein that dealt with the specific circumstances surrounding Child's death pertained to the placement, positioning, and condition of Child's infant restraint seat. See Affidavit of Probable Cause dated 8/20/02. A preliminary hearing was held on August 22, 2002, after which the charge of involuntary manslaughter was held for court. Thereafter, Ms. Engle filed an omnibus motion for habeas corpus relief challenging the Commonwealth's *prima facie* case. Following a factual hearing held on October 28, 2002, the trial court, by order issued November 20, 2002, granted Ms. Engle's petition for habeas corpus and dismissed the criminal charge against her. It is from this order that the Commonwealth appeals.

¶ 5 Preliminarily, we note that this Court has recently held that:

> The decision to grant or deny a petition for writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. It is settled that a petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case. Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged.

---

1. Ms. Engle attributed Child's crying to the fact that it was close to Child's feeding time.

A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt. Rather, the Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.

*Commonwealth v. Keller*, 823 A.2d 1004, 1010–1011 (Pa.Super.2003) (citations omitted). "In determining the presence or absence of a prima facie case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such." *Commonwealth v. Packard*, 767 A.2d 1068, 1071 (Pa.Super.2001) (citation omitted).

¶ 6 In order to establish a *prima facie* case against Ms. Engle, the Commonwealth had to produce evidence of the existence of each element of the crime of involuntary manslaughter.

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

18 Pa.C.S.A. § 2504(a).

¶ 7 Therefore, the Commonwealth had to prove that Ms. Engle acted in a reckless or grossly negligent manner. Pursuant to 18 Pa.C.S.A. § 302,

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

¶ 8 In the present appeal, the Commonwealth first contends that the trial court improperly excluded evidence of the circumstances of Child's death by misinterpreting and, therefore, misapplying 75 Pa. C.S.A. § 4581(f). We disagree.

¶ 9 It is axiomatic that when interpreting a statute, courts must be give plain meaning to the words therein. *See* 1 Pa. C.A.A. §§ 1901, 1903. "It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Commonwealth v. Tate*, 572 Pa. 411, 413, 816 A.2d 1097, 1098 (2003) (citations omitted).

¶ 10 Title 75 Pa.C.S.A. § 4581, which pertains to child passenger protection/restraint systems provides, in pertinent part, as follows:

**(a) Occupant protection.-**

(1) Any person who is operating a passenger car ... and who transports a child under four years of age anywhere in the motor vehicle, including the cargo area, shall fasten such child securely in a child passenger seat restraint system, as defined in subsection (d).

. . . .

**(d) Standards.-**

(1) A child passenger restraint system shall be used as designated by the manufacturer of the system in motor vehi-

cles equipped with seat safety belts and shall meet the Federal Motor Vehicle Safety Standard (49 C.F.R. § 571.213).

. . . .

**(f) Criminal proceedings.-** The requirements of this subchapter or evidence of a violation of this subchapter are not admissible as evidence in a criminal proceeding except in a proceeding for a violation of this subchapter. No criminal proceeding for the crime of homicide by vehicle shall be brought on the basis of noncompliance with this subchapter.

75 Pa.C.S.A. § 4581(a)(1), (d)(1), and (f) (emphasis in original).

¶ 11 After review and consideration, we agree with the trial court's interpretation of the statutory language in question, *See* Opinion issued 11/20/02 at 8; namely, that a plain reading of the above statutory language establishes that evidence of the use or misuse of a child safety seat for a child **under four years of age** is inadmissible in a criminal proceeding. *Cf. Commonwealth v. Huggins,* 790 A.2d 1042, 1048–1049 (Pa.Super.2002), *rev'd and remanded on other grounds,* 575 Pa. 395, 836 A.2d 862 (2003) (evidence that establishes a violation of § 4581 is admissible only to prove a violation of such statute). As such, we find no merit to the Commonwealth's contention that the court erred in interpreting and applying 75 Pa.C.S.A. § 4581(f).

■ ¶ 12 The Commonwealth next contends that it presented a *prima facie* case of involuntary manslaughter under the totality of the circumstances so as to preclude a dismissal of the charge against Ms. Engle. In support thereof, the Commonwealth points to evidence concerning, *inter alia:* Ms. Engle's placement and securing of the child restraint seat on the day in question; Child's behavior on the way to Lewisburg, specifically, the fact that, although Child began to cry near Lewisburg, Ms. Engle continued driving; Ms. Engle's failure to immediately check on Child upon arriving at her destination, but instead, remaining in her seat completing paperwork; and the physical condition of Child.[2] It is important to note, however, that in its brief, the Commonwealth concedes that, excluding from its case information pertaining to the child restraint seat, "leaves the Commonwealth with proof that Ms. Engle put the child in the rear seat and the child died from some unknown cause while she drove to Lewisburg." Brief of Commonwealth at 9.

¶ 13 As stated by the trial court,

[T]he Commonwealth alleges that placing the child in the seat farthest from the driver such that [Child] was out of reach and view is evidence of recklessness. Arguably, placing [Child] in the *front seat* would have afforded [Ms. Engle] the best view of [Child] in the car seat and would have kept [Child] within ample reach. However, [Child] could not be situated in the front seat without violating subsection 4581 above. In addition, it is not unreasonable or out of the ordinary for an adult to complete tasks and chores while any child is sleeping nor is it unreasonable or out of the ordinary to assume that if a child stops crying, the child has gone to sleep. As upsetting and tragic as the consequences of [Ms. Engle's] lack of attention may be, we do not view her actions as demonstrative of a 'disregard for hu-

---

2. The Commonwealth contends that Ms. Engle's uncaring attitude toward Child is evidenced by the fact that Child "was found to have dirt in her ears and in the folds of her stomach and a mark from a band aid all of which allows one to infer that [Child] was not bathed regularly or well." Brief of Commonwealth at 11–12.

man life' or an 'indifference to the possible consequences' of her conduct.

Trial Court Opinion issued 11/20/02 at 11 (emphasis in original).

¶ 14 We find the above reasoning of the trial court to be persuasive and, thus, agree with the court's determination that the Commonwealth failed to establish a *prima facie* case of involuntary manslaughter against Ms. Engle. Accordingly, we conclude that the court did not abuse its discretion in granting Ms. Engle's petition for habeas corpus relief.

¶ 15 Order Affirmed.