COMMONWEALTH of Pennsylvania,
Appellant,

v.

Jeremy Robert HENDRICKS, Appellee.

Superior Court of Pennsylvania.

Submitted April 16, 2007.

Filed June 18, 2007.

Gary E. Norton, Assistant District Attorney, Bloomsburg, for Commonwealth, appellant.

Gregory T. Moro, Bloomsburg, for appellee.

BEFORE: HUDOCK, KELLY and JOHNSON, JJ.

OPINION BY HUDOCK, J.:

¶ 1 The Commonwealth appeals from the order granting Appellee's motion for a writ of *habeas corpus*. We reverse and remand.

¶ 2 The trial court stated the factual and procedural history as follows:

[Appellee] was arrested and charged with driving under the influence, [Possession] of Small Amount and Paraphernalia, and Rear Lighting. He filed an

Omnibus Motion in the nature of a Petition for Writ of Habeas Corpus and Motion to Suppress. A hearing was held on October 24, 2006 and the matter is now ready for disposition.

The police testified that he followed [Appellee's] vehicle up Millville Road. During that time the officer testified that he observed the vehicle cross the white fog line numerous times, although he was unable to indicate how many. He also testified that this vehicle had an inoperable registration lamp. There was no testimony regarding any danger to oncoming traffic or dangerous situations brought about by [Appellee's] vehicle. On this basis, and this basis alone, the officer stopped [Appellee's] vehicle.

Opinion, 12/11/06, at 1. This appeal followed.

¶ 3 The Commonwealth raises the following issues on appeal:

A. Whether the lower court erred in determining that there was not reasonable suspicion of a violation of the vehicle code to justify the vehicle stop?

Whether the lower court erred in granting the habeas corpus motion?

Commonwealth's Brief at 2 (capitalization omitted). In a pre-trial *habeas corpus* case, on appeal this Court is to determine whether a *prima facie* case was established. *Commonwealth v. Miller*, 810 A.2d 178, 180 (Pa.Super.2002). In that vein, we may reverse a decision to grant a petition for *habeas corpus* only when the trial court has committed a manifest abuse of discretion. *Miller*, 810 A.2d at 180.

¶ 4 The Commonwealth asserts that the trial court abused its discretion in granting the *habeas corpus* motion because it wrongly applied the "probable cause" standard for justification of a traffic stop, rather than the "reasonable suspicion" standard. Regarding the standard for justification of a traffic stop, the trial court opined: "It is now clear that the Supreme Court considers the threshold to stop a vehicle to be **probable cause** to believe that the vehicle has broken the vehicle code." Opinion, 12/11/06, at 2 (citations omitted; emphasis supplied). The trial court is incorrect.

¶ 5 The threshold justification for a vehicle stop is reasonable suspicion. *Commonwealth v. Little*, 903 A.2d 1269, 1272 (Pa.Super.2006); *Commonwealth v. Sands*, 887 A.2d 261, 271–72 (Pa.Super.2005). Prior to February 2004, Section 6308 of the Pennsylvania Vehicle Code required a police officer to have probable cause to believe a motorist violated the vehicle code before an officer could effectuate a traffic stop. However, in 2004, the Pennsylvania Legislature amended Section 6308. Amended Section 6308 requires a police officer to have reasonable suspicion that a violation of the Vehicle Code has occurred before stopping a motor vehicle. 75 Pa. C.S.A. § 6308(b). Thus, the trial court erred in granting *habeas corpus* based on its conclusion that the officer lacked probable cause to effectuate the instant traffic stop.

¶ 6 The Commonwealth also asserts that the trial court abused its discretion in granting the *habeas corpus* motion by failing to interpret the evidence in a light most favorable to the Commonwealth.[1] A petition for writ of *habeas*

---

1. This issue mirrors two other challenges by the Commonwealth to orders entered by the Honorable Scott W. Naus in traffic stop cases, granting motions for *habeas corpus*. See *Commonwealth v. Vial*, 918 A.2d 793 (Pa.Super.2006) (unpublished memorandum), and *Commonwealth v. Bronzburg*, 918 A.2d 793 (Pa.Super. filed Dec. 19, 2006) (unpublished memorandum). Our disposition herein is

*corpus* is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case. *Commonwealth v. Engle,* 847 A.2d 88, 90 (Pa.Super.2004).

> Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged.
>
> A *prima facie* case consists of evidence, **read in the light most favorable to the Commonwealth,** that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt. Rather the Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, **and accepted as true,** the judge would be warranted in allowing the case to go to the jury. *Commonwealth v. Keller,* 823 A.2d 1004, 1010–11 (Pa.Super.2003) (citations omitted). "In determining the presence or absence of a *prima facie* case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such." *Commonwealth v. Packard,* 767 A.2d 1068, 1071 (Pa.Super.2001) (citation omitted).

*Engle,* 847 A.2d at 90–91. The trial court addressed the habeas corpus issue as follows:

> The testimony reveals no credible statement of the timing of the fog line crossing, no number of crossings, no presence of other traffic either in the opposite direction or the same direction. The testimony does not reveal that the [Appellee's] vehicle *never moved* to the on-coming lane. Further, the registration lamp violation is *de minimus* standing alone for purposes of pulling the [Appellee] over. Lastly, this violation is also not credible under the circumstances.

Opinion, 12/11/06, at 2. Our review of the record reflects that the trial court made credibility determinations, findings and conclusions that are consistent with a suppression proceeding. Failing to interpret the evidence in a light most favorable to the Commonwealth as required in a *habeas corpus* proceeding was a manifest abuse of the trial court's discretion.

¶ 7 Accordingly, we reverse the grant of the *habeas corpus* motion by the trial court.[2]

¶ 8 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

consistent with the orders entered by the panel in those two cases.

**2.** By this decision, we pass no judgment on the findings of the trial court. We simply note that such determinations are more appropriately made in response to a suppression motion. Instantly, the trial court did not address Appellee's motion to suppress.