## Commonwealth v. Nunez

554

C.P. of Lawrence County, no. 469 of 2010, C.R.

*Luanne Parkonen, assistant district attorney,* for Commonwealth.

*Dennis A. Elisco, assistant public defender,* for defendant.

PICCIONE, *J,* January 19, 2011—Before the court for disposition is the petition for writ of habeas corpus filed on behalf of the defendant Tiffany Nunez (hereinafter, "defendant"). Defendant is charged with aggravated assault (18 Pa.C.S.A. §2702(a)(1)), simple assault (18

Pa.C.S.A. §2701(a)(2)), and harassment (18 Pa.C.S.A. §2709(a)(1)). In her petition, defendant argues that the commonwealth is unable to establish a prima facie case as to any of the charges because the testimony adduced at the preliminary hearing demonstrates that she did not act intentionally, knowingly, or recklessly.

A brief summary of the facts alleged indicates that, on the afternoon of April 30, 2010, a fight broke out between Terrance Shelby and defendant's husband, Raphael Nunez. The fight took place in front of the apartments of defendant and Jeremy McChesney. Several individuals, including Donald Ostrom, were present in the yard while the fight occurred. At some point during the altercation, defendant approached the group of individuals and stabbed Mr. Ostrom in the upper right arm with a pair of scissors. Shortly thereafter, Officers Chris Hardie and Michael McBride of the Ellwood City Police Department arrived at the scene and arrested defendant. After being advised of her *Miranda* rights, defendant voluntarily admitted to the officers that she stabbed Mr. Ostrom because Mr. Ostrom and two women stepped onto her porch and threatened her. Based on defendant's statement and the statements of various witnesses, defendant was charged with the offenses listed above.

On October 5, 2010, defendant filed the instant petition for writ of habeas corpus, arguing that the commonwealth failed to present sufficient evidence to establish a prima facie case as to the charges against her. The court held a hearing regarding defendant's petition on November 4, 2010. During the hearing, counsel for both parties asked that the court base its ruling on the transcript of defendant's May 6, 2010 preliminary hearing.

The petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the commonwealth has sufficient evidence to establish a prima facie case. *Commonwealth v. Hendricks*, 927 A.2d 289, 290-91 (Pa. Super. 2007). A prima facie case consists of evidence that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of the crime. *Commonwealth v. Fountain*, 811 A.2d 24, 25 (Pa. Super. 2002). The commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412, 415 (Pa. Super. 1990). The commonwealth need not prove the elements of the crime beyond a reasonable doubt. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001). The prima facie case merely requires evidence of the existence of each element of the crime charged. *Id.* Additionally the evidence is to be viewed in a light most favorable to the commonwealth, and the commonwealth is entitled to reasonable inferences drawn from the evidence. *Id.*

Defendant argues that the testimony adduced at her preliminary hearing demonstrates that defendant did not act intentionally, knowingly or recklessly in stabbing Mr. Ostrom in the upper right arm with a pair of scissors. Defendant does not identify the particular testimony that demonstrates she did not act intentionally, knowingly, or recklessly; however, certain testimony from the hearing suggests that defendant did not intend to stab Mr. Ostrom. Officer Hardie testified that, according to defendant's statement, defendant stabbed Mr. Ostrom after a "black girl" that was near him "picked up a mason jar and threatened to hit [defendant] with it[.]s" N.T., 5/6/10, at 16. Furthermore, Mr. Ostrom testified that "[defendant]

wasn't intentionally trying to stab me" and that "I don't know who she was trying to stab with them, but she was intentionally trying to hurt somebody that day." *Id.* at 6-7. Although the testimony from Officer Hardie and Mr. Ostrom suggests that defendant may have not intended to stab Mr. Ostrom, this testimony does not demonstrate that defendant did not act intentionally, knowingly, or recklessly. In fact, the evidence and testimony elicited during the preliminary hearing suggests that defendant did act with the culpable state of mind required by the statutes she is charged with violating.

Defendant is charged with aggravated assault, simple assault, and harassment. To be guilty of aggravated assault, defendant must have caused serious bodily injury "intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. §2702(a)(1).

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. 18 Pa.C.S.A. §302(b)(3).

"[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Commonwealth v. Nichols*, 692 A.2d 181, 185 (Pa. Super. 1997) (citing

*Commonwealth v. O'Hanlon*, 653 A.2d 616, 618 (Pa. 1995)). The testimony indicates that defendant swung a pair of scissors at a group of people with the intention of stabbing someone. According to Mr. Ostrom, defendant's husband "and my sister's boyfriend had got into a fistfight, and that's whenever she started to freak out, and she came off the railing with the scissors and was swinging them." *Id.* at 7. Such actions create a serious risk of injury or death and demonstrate a conscious disregard for that risk. As a result, defendant's actions are properly characterized as reckless.

Defendant is charged under subsection (2) of the simple assault statute, which requires that a person negligently cause bodily injury to another with a deadly weapon. 18 Pa.C.S.A. §2701(a)(2).

> A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering that nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. 18 Pa.C.S.A. §302(b)(4).

In her petition, defendant argues that the charges against her should be dismissed because the testimony at the hearing demonstrated that she did not act intentionally, knowingly, or recklessly. Although it may be inferred from the surrounding circumstances that defendant acted at least recklessly, the commonwealth need only demonstrate that defendant acted negligently under subsection (2) of the

statute. The commonwealth presented sufficient evidence indicating that defendant acted negligently since she should have been aware of the substantial risk created by her actions.

Defendant is also charged with harassment, which requires an "intent to harass, annoy or alarm another[.]" 18 Pa.C.S.A. § 2709(a). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Lutes*, 793 A.2d 949, 961 (Pa. Super. 2002). Testimony from the preliminary hearing indicates that Mr. Ostrom and several other individuals were on or near defendant's property, that defendant was in an argument with some of those individuals, and that someone may have threatened defendant. N.T., 5/6/10, at 7, 16. There was also testimony indicating that there were two young children inside defendant's apartment at the time of the fight between Mr. Shelby and Mr. Nunez. *Id.* at 16. Based on this evidence, the court can reasonably infer that, in stabbing Mr. Ostrom, defendant intended to alarm those that were allegedly threatening her and attacking her husband with the goal of driving them away from her apartment. As a result, the commonwealth presented sufficient evidence that defendant acted with intent to harass or alarm.

As stated above, the testimony elicited at the preliminary hearing does not support defendant's claim that she did not act intentionally, knowingly, or recklessly. Moreover, the commonwealth presented sufficient evidence and testimony to meet its burden at this stage that defendant acted with the required culpable states of mind.

Therefore, defendant's petition for writ of habeas corpus is denied.

ORDER OF COURT

And now, January 19, 2011, the court having held a hearing on November 4, 2010, regarding defendant Tiffany Nunez's petition for writ of habeas corpus, with Assistant District Attorney Luanne Parkonen, Esquire, appearing and representing the commonwealth, and Assistant Public Defender Dennis A. Elisco, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

1. The defendant's petition for writ of habeas corpus is denied pursuant to the attached opinion.

2. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.