J-S55020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOHN QUACH, | |
| Appellee | No. 370 EDA 2014 |

Appeal from the Order December 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0041409-2012

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

DISSENTING MEMORANDUM BY BOWES, J.:       **FILED JANUARY 26, 2015**

As I believe that the Commonwealth adduced sufficient proof to establish that Appellee's bedroom contained heroin, cash, and drug dealing paraphernalia as well as to establish Appellee's participation in his brother's drug-dealing enterprise, I respectfully dissent from the learned majority's disposition of this matter.  I would reverse.

The issue presented on appeal is whether, at the preliminary hearing, the Commonwealth submitted *prima facie* evidence sufficient to avoid dismissal of charges of possession of a controlled substance with intent to deliver ("PWID") and conspiracy to commit PWID.  As our Supreme Court has noted: "[I]t is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary" and that "the trial court is afforded no discretion in ascertaining whether, as a matter of law

and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005) (citation omitted). It is well established that:

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Id*. at 513-14 (citations omitted). Finally, "the evidence must be read in the light most favorable to the Commonwealth's case, and we are to give effect to the inferences reasonably drawn from the evidence of record." **Commonwealth v. Williams**, 911 A.2d 548, 551 (Pa.Super. 2006) (citation and quotation marks omitted).

The evidence adduced at the preliminary hearing herein was as follows. At around 4:00 p.m. on October 9, 2012, Philadelphia Police Officer Richard Fitzgerald, a member of the Narcotics Bureau, was conducting a drug investigation unrelated to the present matter in the parking lot of a Dunkin' Donuts located in Philadelphia. When he arrived at that location, Officer Fitzgerald saw a yellow pick-up truck occupied by a man identified only as Mr. Reed. Shortly thereafter, Canda Quach, Appellee's brother,

arrived in the parking lot as a passenger in a white Honda Accord driven by an unidentified male.

Officer Fitzgerald reported that "Mr. Canda Quach and Mr. Reed had an exchange through the driver's side window of the yellow pick-up truck, which included U.S. Currency going from Mr. Reed to Mr. Quach, and a green object going from Mr. Quach to Mr. Reed." N.T. Preliminary Hearing, 10/3/13, at 5. Reed was stopped and thirteen green-tinted packets of a substance, which field tests revealed to be heroin, were recovered from his person. Reed's cell phone was also confiscated. Police followed the white Honda to 4651 Rose Hill Street, where it stopped. By that time, those police were aware that the green packets given to Reed by Appellee's brother Canda contained heroin. Canda was stopped and possessed over $800 and two cell phones; the number of one of those phones had been contacted by Reed from his cell phone.

Based upon this information, police obtained a warrant to search 4651 Rose Hill Street. Appellee's mother was present when police executed the warrant. *Id*. at 8. In the second floor, middle bedroom, police found: 100 packets of heroin inside a sneaker, heroin packaging paraphernalia, $3,521 in cash, and mail addressed to Appellee. In the rear bedroom located on the second floor, police recovered $8,236 in currency, a cell phone bill and subpoena addressed to Canda Quach, a photograph of Canda, and additional packets of heroin. Officer Fitzgerald testified, "Every item confiscated from

- 3 -

the rear bedroom was Mr. Canda Quach. The mail from the middle bedroom [was] John Quach." *Id*. at 11. The addresses on all mail was for 4651 Rose Hill Street. *Id*. A portion of the packaging of the heroin found in the Quach home matched the packaging of the heroin recovered from Reed. *Id*. at 12.

As noted, a *prima facie* case consists of probable cause to warrant the belief that the accused committed the offense in question. In determining whether probable cause is present, we must consider the totality of the circumstances. **Commonwealth v. Martin**, 101 A.3d 706, (Pa. 2014). It exists where the facts and circumstances "are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed[.]" *Id*. at 721; **see also Commonwealth v. Hendricks**, 927 A.2d 289 (Pa.Super. 2007).

Since mail addressed to both Appellee and his brother with the 4651 Rose Hill Street address was located in the home and since Appellee's mother was present when the warrant was executed, the reasonable inference from Officer Fitzgerald's testimony was that the search warrant was executed on a family home occupied solely by the Quaches. Since mail addressed to Appellee was present in the second-floor middle bedroom while mail and a subpoena addressed to Canda were located in the second-floor rear bedroom, and since the home was occupied only by members of the Quach family, the reasonable inference from Officer Fitzgerald's testimony was that Appellee's bedroom was the second-floor middle bedroom where

drugs, money, and drug-dealing paraphernalia were located. The house at issue was not an abandoned structure used by numerous individuals involved in the drug trade. Rather, the outlined facts were such that a person of reasonable caution would undoubtedly conclude that the house was occupied by the Quach family. Given that circumstance, the fact that there was mail addressed to Appellee in the middle second-floor bedroom is sufficient to warrant a person of reasonable caution to conclude that the bedroom in question was Appellee's bedroom and that Appellee constructively possessed the items located therein. Hence, the Commonwealth presented a *prima facie* case of PWID as to Appellee.

Our case law indicates that the presence of mail addressed to an individual, along with other factors, is sufficient to establish beyond a reasonable doubt the defendant's constructive possession of items located in the residence where the mail was addressed. In **Commonwealth v. Walker**, 874 A.2d 667 (Pa.Super. 2005), the defendant's convictions of PWID and possession of a weapon were upheld based solely on his presence in a basement where the drugs and gun was located as well as the fact that mail addressed to him was in that location. **See also Commonwealth v. Bricker**, 882 A.2d 1008 (Pa.Super. 2005). While those cases involved constructive possession by a defendant present in the residence, which fact is not present herein, those decisions examined the sufficiency of the evidence beyond a reasonable doubt to support a conviction. At this stage,

we are merely examining the existence of probable cause. Since the search warrant herein was executed at the Quach family home, in my view, the fact that mail addressed to Appellee was located in the middle second-floor bedroom while mail addressed to his brother was in another second-floor bedroom was sufficient to establish a *prima facie* case that Appellee occupied the middle second-floor bedroom in question.

The trial court herein premised its dismissal of the charges on the belief that the Commonwealth's proof was insufficient to establish that Appellee's bedroom was the one located in the middle of the second-floor. It focused on what was not presented, *e.g.*, clothing of Appellee, rather than the evidence presented. This approach is not in accord with the proper standard in this context. Moreover, the trial court failed to examine the totality of the circumstances herein and give the Commonwealth the benefit of the reasonable inferences created by the circumstances. The majority perpetuates these errors.

I further conclude that the conspiracy charge was supported by the following facts. In Appellee's bedroom, police recovered a substantial amount of heroin as well as cash and drug-dealing paraphernalia. Canda's bedroom contained cash and heroin. Some of the heroin in the Quach home was packaged identical to that discovered on Reed and sold by Canda to Reed. Canda and Appellee are brothers.

To summarize: All of the following facts and circumstances and reasonable inferences from the facts and circumstances, examined together and viewed practically, are sufficient to warrant a person of reasonable caution to believe that: 1) Appellee and his brother lived at the residence in question; 2) the house was a family home used solely by the Quaches; 3) Appellee occupied the middle second-floor bedroom; 4) Appellee's brother Canda's bedroom was the one in the rear of the second-floor bedroom; 5) Appellee possessed the items contained in his middle second-floor bedroom; and 6) Appellee conspired with his brother Canda, who was observed selling heroin, to deliver that substance. There was a *prima facie* case presented by the Commonwealth to support the PWID and conspiracy charges filed against Appellee. Hence, I respectfully dissent.