J-S57026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MICHELLE LEIGH STARRY, | |
| Appellee | No. 2028 WDA 2015 |

Appeal from the Order Entered December 16, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001154-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 29, 2016**

The Commonwealth appeals from the order that granted Michelle Leigh Starry's ("Appellee") petition for *habeas corpus*.  After careful consideration, we reverse and remand.

The record reflects the following facts.  On January 26, 2014, an individual identified as Mr. Teeter contacted State Police, indicating that Appellee had left his residence at approximately 11:00 a.m., driving the Hyundai registered in her name.[1]  N.T., Omnibus Pretrial Hearing, 7/30/15, at 16-18, 23.  At 11:49 a.m., Joseph Gabor called 911 to report that he had

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] It is unclear from the record why Mr. Teeter called State Police that morning.  We reference this fact due to its relevance in establishing that Appellee was operating her vehicle at that time on that date.

arrived upon the scene of a crashed vehicle along County Road in Loyalhanna Township, Pennsylvania. *Id.* at 10.

At the scene, first responders found the vehicle registered to Appellee along the berm of the road where it had impacted a tree. N.T., Preliminary Hearing, 3/10/14, at 10; N.T., Omnibus Pretrial Hearing, 7/30/15, at 12. Appellee was discovered sleeping in the back seat of the vehicle. N.T., Preliminary Hearing, 3/10/14, at 7-8, 10. There were no other individuals in the vehicle, and the first responders noted that, apart from the footprints belonging to Mr. Gabor, there were no other footprints in the snow that would indicate that anyone had left the scene of the crash. *Id.* at 6. The driver-side airbag had deployed. N.T., Omnibus Pretrial Hearing, 7/30/15, at 18. Inside the passenger side door area of the vehicle was a Coors beer glass that appeared to be half-full of beer. N.T., Preliminary Hearing, 3/10/14, at 6.; N.T., Omnibus Pretrial Hearing, 7/30/15, at 29.

Upon urging by the first responders, Appellee attempted to exit the vehicle, only to fall down. N.T., Preliminary Hearing, 3/10/14, at 8. The first responders helped Appellee out of the vehicle and aided her to the ambulance. *Id.* Examination of Appellee by medical personnel indicated that Appellee had bruising to her chest and abdomen area, which would be consistent with an impact with the steering wheel. *Id.* at 8.

Trooper Todd Adamski was dispatched to the accident and observed Appellee's vehicle where it had impacted a tree. N.T., Preliminary Hearing,

3/10/14, at 5. At the time of the trooper's arrival, Appellee was being treated in the back of the ambulance. *Id.* at 5. Upon interviewing Appellee, Trooper Adamski detected an odor of alcohol coming from Appellee. *Id.* at 5. Trooper Adamski also noted that Appellee's speech was slurred and "she was unable to complete her thoughts." *Id.* at 5. It was Trooper Adamski's opinion, based upon his interaction with Appellee, that she was under the influence of alcohol to a degree that would render her incapable of safe driving. *Id.* at 6. Trooper Adamski ended his interview of Appellee so that she could be properly treated for her medical needs. N.T., Omnibus Pretrial Hearing, 7/30/15, at 25. Trooper Adamski testified that from the time of his arrival at 12:36 p.m. until Appellee was removed from the scene by ambulance at 12:56 p.m., Appellee did not consume any alcohol. *Id.* at 24. Appellee's blood was drawn at Forbes Regional Hospital at 1:40 p.m. and produced a .304% blood alcohol content ("BAC") result. *Id.* at 13, 17.

Appellee was charged with two counts of driving under the influence ("DUI"): one count under 75 Pa.C.S. § 3802(a)(1), general impairment, and one count under 75 Pa.C.S. § 3802(c), highest rate of alcohol. Following a preliminary hearing, the magisterial district justice determined that a *prima facie* case of the offenses had been made and held the charges over for trial. N.T., Preliminary Hearing, 3/10/14, at 19. Appellee then filed an omnibus pretrial motion, which included a petition for writ of *habeas corpus*. Omnibus Pretrial Motion, 7/2/14. A hearing on the motion was held on July

30, 2015. By order entered December 16, 2015, the trial court granted Appellee's petition for writ of *habeas corpus*, concluding that the Commonwealth failed to establish a *prima facie* case of the offenses charged. The Commonwealth filed a notice of appeal on December 22, 2015. The trial court directed the Commonwealth to file a Pa.R.A.P. 1925(b) statement, and the Commonwealth complied. The trial court issued a decree pursuant to Pa.R.A.P. 1925(a), indicating that the reasons for the court's ruling could be found in the order entered December 16, 2015.

The Commonwealth presents the following issue for our review:

> Whether the Commonwealth established a <u>prima facie</u> case of DUI when [Appellee] was seen alone, driving a vehicle registered to her, and then 50 minutes later, her vehicle was discovered, crashed into a tree, with [Appellee] inside, alone, exhibiting signs of intoxication; with no footprints in the snow to suggest other occupants, bearing injury consistent with hitting a steering wheel, and [Appellee's] BAC being measured at .304% when her blood was drawn, approximately two hours after she was found.

Commonwealth's Brief at 4.

As this Court has explained:

> A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

***Commonwealth v. Dantzler***, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*) (internal citations and quotations marks omitted).

A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt. Rather the Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. In determining the presence or absence of a *prima facie* case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such.

**Commonwealth v. Hendricks**, 927 A.2d 289, 291 (Pa. Super. 2007).

The proper standard of review has been stated as follows:

We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. **Commonwealth v. James**, 863 A.2d 1179, 1182 (Pa.Super.2004) (*en banc*). In **Commonwealth v. Karetny**, 583 Pa. 514, 880 A.2d 505 (2005), our Supreme Court found that this Court erred in applying an abuse of discretion standard in considering a pre-trial *habeas* matter to determine whether the Commonwealth had provided *prima facie* evidence. The **Karetny** Court opined, "the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." **Id.** at 513, 880 A.2d 505; **see also Commonwealth v. Huggins**, 575 Pa. 395, 836 A.2d 862, 865 (2003) ("The question of the evidentiary sufficiency of the Commonwealth's *prima facie* case is one of law [.]"). The High Court in **Karetny** continued, "[i]ndeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." **Karetny**, **supra** at 513, 880 A.2d 505. Hence, we are not bound by the legal determinations of the trial court. To the extent prior cases from this Court have set forth that we evaluate the decision to grant a pre-trial *habeas corpus* motion under an abuse of discretion standard, our Supreme Court has rejected that view. **See id.**

*Dantzler*, 135 A.3d at 1111-1112. *See also Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001) (stating *prima facie* standard requires evidence of each and every element of crime charged; weight and credibility of evidence are not factors at this stage of proceedings). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011).

A violation for DUI pursuant to 75 Pa.C.S. § 3802(a)(1) is defined as follows:

> **(a) General impairment.**—
>
> > (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). 75 Pa.C.S. § 3802(c) further provides:

> **(c) Highest rate of alcohol.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

"The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the

vehicle's movement, but not evidence that the vehicle was in motion."

***Commonwealth v. Johnson***, 833 A.2d 260, 263 (Pa. Super. 2003).

> A determination of actual physical control of a vehicle is based upon the totality of the circumstances. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

***Commonwealth v. Williams***, 871 A.2d 254, 259 (Pa. Super. 2005) (internal citations omitted).

The Commonwealth argues that it made out a *prima facie* case as to both charges. Commonwealth's Brief at 9. The Commonwealth contends that it presented ample circumstantial evidence that Appellee drove, operated, or was in actual physical control of her vehicle before and after the crash. ***Id.*** at 11. The Commonwealth relies on the following evidence: Appellee was observed driving her vehicle forty-nine minutes prior to the crash; the vehicle registered to Appellee was crashed into a tree and Appellee was found sleeping in the backseat of the vehicle; at the scene of the accident, Appellee was difficult to rouse, smelled of alcohol, and was incoherent when speaking to police; the snow on the ground revealed no indication that anyone else had left the scene; trauma to Appellee's chest was consistent with impact with the steering wheel; the driver-side airbag deployed; there was an open container of alcohol in the vehicle; and Appellee's BAC was .304%. Commonwealth's Brief at 11-13.

As noted, in granting Appellee's motion for *habeas corpus*, the trial court concluded that the Commonwealth failed to provide sufficient evidence to support a *prima facie* case of the offenses. Order, 12/16/15, at 1. In making this determination, the trial court presented the following analysis:

> No evidence was offered that proved that [Appellee] drove, operated or was in actual physical control of a motor vehicle at the time that she was observed asleep in the back seat of the vehicle, while the engine was not running. There is insufficient evidence from which any actual physical control of the movement of a motor vehicle could be concluded or inferred.
>
> In that no <u>prima facie</u> case has been made out, the evidence of blood alcohol content will be excluded.

Order, 12/16/15, at 1.

Following review of the certified record, however, we are constrained to disagree. The testimony at the preliminary hearing and the omnibus pretrial motion hearing established that the car registered to Appellee had been crashed into a tree on the side of a road. Appellee's crashed vehicle was discovered and reported by a passerby approximately forty-nine minutes after Mr. Teeter had contacted police to report that Appellee had left his house driving the vehicle registered to her. Appellee was found alone in the vehicle, and the snow-covered ground did not reflect footprints indicating that any individuals had left the scene. As a result of the impact, the driver–side airbag deployed. Moreover, an open container of alcohol was discovered inside the vehicle. Appellee was so intoxicated that she could not independently exit the vehicle and needed assistance to get to the

ambulance. Additionally, Appellee had bruising consistent with impact to the steering wheel. During Trooper Adamski's interview with Appellee, it was obvious to him that Appellee was impaired, and the BAC results of .304% later drawn reflected the level of impairment.

Accordingly, we are constrained to conclude that the Commonwealth has established a *prima facie* case of DUI. Viewing the evidence in the light most favorable to the Commonwealth, we agree that there exists a *prima facie* case that Appellee had driven or operated the vehicle while intoxicated. This Court has observed, "[T]he suspect location of an automobile supports an inference that it was driven . . . a key factor in the finding of actual control." ***Commonwealth v. Woodruff***, 668 A.2d 1158, 1161 (Pa. Super. 1995). The location of the vehicle in this case, along the side of the road and crashed into a tree, supports an inference that the car was driven there and supports a finding of actual control. The fact that Appellee was found alone in that vehicle also supports the inference that she was the individual who drove it to that location, thereby reflecting her control of the vehicle. As noted, the Commonwealth can establish a *prima facie* case by wholly circumstantial evidence. Thus, the evidence of record supports the conclusion that Appellee was operating her vehicle on the roadway while under the influence of alcohol.

Moreover, we note that the trial court applied an incorrect standard when it concluded that "[n]o evidence was offered that **proved** that

[Appellee] drove, operated or was in actual physical control of a motor vehicle." Order, 12/16/15, at 1 (emphasis added). As outlined above, when confronted with a petition for *habeas corpus*, the Commonwealth is not required to **prove** the elements of the crime. Instead, the Commonwealth need only present evidence, viewed in the light most favorable to the Commonwealth, establishing a *prima facie* case of the offense, sufficient for the matter to proceed to trial.[2] **See Hendricks,** 927 A.2d at 291 ("a *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. The Commonwealth need not prove the defendant's guilt beyond a reasonable doubt.").

Upon review of the evidence presented, we conclude that the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to establish a *prima facie* case that Appellee was in actual physical

---

[2] We also note that there is no requirement that the engine must be running in order for there to be a finding that Appellee had operated the vehicle. **See Commonwealth v. Leib**, 588 A.2d 922, 926 (Pa. Super. 1991) (court determined that there was sufficient evidence to convict the defendant of DUI where he was found in parked car with keys in ignition, but motor was not running). Indeed, individuals have been found to be guilty of DUI when they are not even in the vehicle when the police arrive. **See Johnson**, 833 A.2d 260, 263-264 (Pa. super. 2003) (defendant was outside of his vehicle at the time the police arrived at the crash scene, but there was sufficient evidence to establish that he had driven, operated, or was in physical control of the vehicle while DUI, based on the circumstantial evidence of the case).

control of the movement of the vehicle in violation of 75 Pa.C.S. § 3802(a)(1) and (c). Thus, the Commonwealth has established a *prima facie* case of the DUI charges filed against Appellee. Under these circumstances and at this juncture of the proceedings, the trial court improperly dismissed the charges against Appellee. Accordingly, we reverse the trial court's order dismissing the charges and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016