**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Michael HENRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.

Filed April 25, 2005.

Reargument Denied June 24, 2005.

John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before: BENDER, GANTMAN, and POPOVICH, JJ.

BENDER, J.:

¶ 1 Michael Henry (Appellant) appeals from the August 20, 2003 judgment of sentence imposed following his conviction for unauthorized use of an automobile. 18 Pa.C.S. § 3928(a). Appellant challenges the sufficiency of the evidence presented to sustain his conviction. We reverse.

¶ 2 Appellant was arrested and charged with theft, unlawful taking and disposition, receiving stolen property, and the unauthorized use of an automobile. He waived his right to a jury trial and was found guilty at a bench trial of the unauthorized use of an automobile. Appellant was acquitted of the other remaining counts. Appellant was sentenced to two years' reporting probation.

¶ 3 In its opinion, the trial court summarized the testimony provided by the witnesses upon which the court based its guilty verdict:

By way of stipulation, counsel agreed that had he been called to testify, Alcohol, Tobacco and Firearms Agent Joseph Ruta would have stated that on October 26, 2002 he was in possession of a gold 2002 Dodge Intrepid, Pennsylvania license tag ELSA209. In addition, Agent Ruta would have testified that he last saw the Dodge Intrepid on Saturday, October 26, 2002 at 5:00 a.m. when he parked it in the 6900 block of Crispin Street (incorrectly noted as Christian Street). The next day, Sunday, October 27th, Officer Ruta noticed that the car was not where he had parked it on Crispin Street. Further, Agent Ruta would have stated that when the car was returned to him, his ATF identification card and bullet-proof vest were missing, the steering column and a door lock on the driver's side were broken and that the original license tag was still intact. Finally, Officer Ruta would have confirmed that he did not know Appellant, that Appellant has had no affiliation with the ATF as a suspect or otherwise, and that he did not give Appellant permission to use the car or move it from its location.

Officer Ronald Rosati, Major Auto Crimes Unit, testified that he checks the missing automobile lists daily and upgrades any "interesting" or "suspicious" stolen car alerts to "guard for prints." Once located, Officer Rosati has the stolen car towed to his location where he confirms the vehicle identification number and "dusts" the car for fingerprints.

The abandoned Dodge Intrepid was recovered from its location on the side of the highway on October 28th, two days after it was reported stolen. The car

was then taken to Officer Rosati's location where it was dusted for fingerprints. Officer Rosati took nine sets of latent fingerprints of which one set was returned positive. The positive fingerprint was lifted from the ATF placard that is normally situated in the window of an ATF vehicle to avoid ticketing by local authorities while on official business. Based upon the positive match, Officer Rosati obtained an arrest warrant for Appellant.

Scott Copeland, an expert in evaluating and identifying fingerprints for the Federal Police Department Latent Fingerprint Section, testified that he was given nine fingerprint cards to analyze. After processing the cards through the automated fingerprint identification system, the results produced a match to appellant Michael Henry indicating eleven points of identification. Accepting as true that no two persons have the same fingerprint, the FBI does not have a standard regarding the number of points of identification considered sufficient to make a positive match but refrains from producing as evidence in court those analyses where the points of identification are less than nine.

Trial Court Opinion (T.C.O.), 4/28/04, at 1–3 (citations to the notes of testimony omitted).

¶ 4 Appellant filed the instant, timely appeal to this Court, raising the following single issue for our review:

Was not the evidence insufficient to convict [A]ppellant for unauthorized use of an automobile where the only evidence of "operation" was the fact that [A]ppellant's fingerprint was found on a placard found inside the car, and [A]ppellant's fingerprint was one of nine lifted from the car?

Appellant's brief at 3.

¶ 5 As noted above, Appellant challenges the sufficiency of the evidence to sustain his conviction for the unauthorized use of an automobile. We therefore note our applicable, well-settled standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hunzer*, 2005 PA Super 13, ¶ 4, 868 A.2d 498 (2005) (quoting *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (citations and quotations omitted)).

¶ 6 The unauthorized use statute in pertinent part provides:

**§ 3928. Unauthorized use of automobiles and other vehicles**

**(a) Offense defined.**—A person is guilty of a misdemeanor of the second degree if he **operates** the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

18 Pa.C.S. § 3928 (emphasis added).

¶ 7 Appellant's argument centers on the word "operates." He contends that the Commonwealth failed to meet its burden of proving beyond a reasonable doubt that he "operated" the vehicle. Citing *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980), Appellant states that "[o]peration can be proven through direct testimony that a person was seen driving a vehicle or circumstantial evidence showing that he or she exercised conscious control or dominion over the vehicle." Appellant's brief at 9. Appellant also relies on *Commonwealth v. Wolen*, 546 Pa. 448, 685 A.2d 1384, 1385 (1996), a driving under the influence case, wherein our Supreme Court stated that:

> With respect to what constitutes "actual physical control" in this Commonwealth, the courts have held that whether a person is in actual physical control of a motor vehicle is determined based on the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene.

¶ 8 Appellant then discusses the evidence adduced at trial, contending that no one saw him in the vehicle as either the driver or as a passenger. He also asserts that, other than the fingerprint on the placard found somewhere in the car, no other fingerprint attributed to him was found in the vehicle, especially, not in the area of the steering wheel or stick shift. Although Appellant does acknowledge that his fingerprint on the placard supports an inference that he was either in the car or had placed his hand in the vehicle, that evidence alone shows mere presence and is legally insufficient to prove operation or dominion or control of the vehicle. We agree.

¶ 9 In *In Interest of Scott*, 388 Pa.Super. 550, 566 A.2d 266 (1989), the appellant challenged the sufficiency of the evidence in relation to his convictions for theft by receiving stolen property and unauthorized use of an automobile. The *Scott* court indicated that the Commonwealth needed to prove that the appellant had exercised conscious control and dominion over the vehicle, and that "[s]uch control or dominion may be established by circumstantial evidence; however, mere suspicion or conjecture will not suffice." *Id.* at 267. Moreover, "[m]ere presence at the scene of a crime in the company of the perpetrator is not sufficient to sustain a conviction." *Id.* Additionally, the *Scott* court stated that "[t]he exercise of conscious dominion or control over a vehicle is not established merely by showing that a suspect has been a passenger in a stolen vehicle." *Id.* However, we note that the evidence in the *Scott* case supporting the conviction included the fact that the appellant had been present as a passenger in the vehicle and that he fled from the police after the vehicle stopped.

¶ 10 In *Scudder, supra,* the appellant was a passenger in a stolen van that contained two stolen riding lawn mowers. The appellant was found guilty of receiving stolen property and claimed on appeal that the evidence did not establish that he intentionally received or knew that the property had been stolen. This Court noted that merely because the appellant was a passenger in the van, "[t]here was no showing that appellant exercised conscious control or dominion over these goods." *Id.* at 1005. The opinion also indicated that the record was devoid of evidence that the

appellant was aware that the van and mowers were stolen. Moreover, this Court also reviewed the evidence to determine whether an inference could be drawn that the appellant knew or should have known that the items were stolen. Deciding that no such evidence was presented, the appellant's judgment of sentence was reversed and he was discharged. *See also Commonwealth v. Carson,* 405 Pa.Super. 492, 592 A.2d 1318 (1991) (concluding that to establish the requisite dominion and control over the vehicle, *i.e.,* the operation of the vehicle, the totality of the circumstances must be evaluated and may include that the accused was either driving or riding in a vehicle, that he knew the vehicle was stolen and then attempted escape).

¶ 11 We conclude that in the instant case, Appellant's judgment of sentence, as in *Scudder,* must be reversed. His fingerprint on the placard reveals only that at some point Appellant was present in the vehicle and nothing more. Since the vehicle was found more than a day after being reported stolen with the driver's side door lock broken, Appellant could have had access to the interior of the vehicle after it was abandoned by the perpetrator who stole the car. The fingerprint alone is insufficient to establish operation, *i.e.,* conscience control or dominion over the vehicle, beyond a reasonable doubt. As operation of the vehicle is an essential element of the crime of unauthorized use of automobiles, and the evidence presented was insufficient to establish this element, we must reverse.

¶ 12 Judgment of sentence reversed. Appellant is to be discharged.

¶ 13 Judge POPOVICH files a dissenting opinion.

POPOVICH, J., Dissenting.

¶ 1 Because I believe that the evidence was sufficient to support the conviction, I must respectfully dissent.

¶ 2 When I consider our standard of review for sufficiency of evidence, I feel that there is no basis to overturn the conviction. Operation of a motor vehicle can be proven by circumstantial evidence that the person exercised conscious control or dominion over the vehicle. *See Commonwealth v. Scudder,* 490 Pa. 415, 416 A.2d 1003 (1980). In this case, the only evidence linking Appellant to the stolen vehicle was his fingerprint on the ATF placard located inside the vehicle. This placard was originally situated on the window. This evidence demonstrates that Appellant was inside the stolen vehicle. I believe that Appellant's fingerprint does more than place him in the stolen vehicle. Even though his fingerprint was not found on the steering wheel or the shift-lever (areas unique to driving), it was found on an item that I feel is of equal importance. I believe that it is quite logical to conclude that the person who exercised control over the vehicle removed the ATF placard in order to lessen the "uniqueness" of the vehicle. As Appellant's fingerprint was on the placard, it was logical for the fact-finder to conclude that Appellant was a person who exercised control over the vehicle. I feel that the record supports the conviction and that this Court should not invade the province of the trial court as the fact-finder.

¶ 3 In sum, while the evidence is wholly circumstantial, I believe it is a very small step to conclude that Appellant exercised conscious control or dominion over the vehicle and, thus, operated the vehicle for purposes of 18 Pa.C.S.A. § 3928. Respectfully, I must dissent.