**Commonwealth v. Myers**

C.P. of Lawrence County, no. 723 of 2010, C.R.

*Luanne Parkonen,* for Commonwealth.
*Dennis A. Elisco,* for defendant.

WECHT, *J.,* October 7, 2010—Before the court for disposition is the petition for writ of habeas corpus filed on behalf of the defendant Thomas J. Myers (hereinafter, "defendant"). Defendant is charged with unauthorized use of automobiles and other vehicles (18 Pa.C.S.A. § 3928). Defendant argues that there is insufficient evidence as a matter of law to sustain the charge.

A brief summary of the facts alleged indicates that, on June 18, 2010 at approximately 3:30 a.m., defendant returned to his residence after a night of drinking to ask his sister, Darcy Young, if he could borrow her car to get

cigarettes. Realizing that defendant was drunk, Darcy refused and went back to sleep. Approximately 15 minutes later, she got up to smoke a cigarette and get something to eat when she noticed that defendant and her car were gone and that her car keys were not where she left them. Darcy's sister, DeAnna Young, volunteered to drive around the area to look for the car. Deanna found Darcy's car parked on Florence Avenue near the My House bar. She returned to the residence to notify Darcy that she located the car. DeAnna and Darcy then drove to where the vehicle was located to determine whether the keys were in the car. After discovering that Darcy's car was no longer where DeAnna found it, Darcy called the police to report that her vehicle was missing. At approximately 3:56 a.m., Patrolman Chris Hardie responded to the call and ultimately located Darcy's car parked on Bell Avenue west of Fourth Street. Officer Hardie determined that no keys were in the vehicle and that the registration for the vehicle had been revoked. After deciding to have her car towed later that day instead of at that time early in the morning, Darcy returned to her residence.

Later that morning at approximately 7:08 a.m., Officer Hardie was driving by the area where Darcy's vehicle was found and noticed that her car was gone. Officer Hardie also noticed that defendant was standing nearby at the corner of Fourth Street and Bell Avenue. Officer Hardie asked defendant whether he was looking for a vehicle, and defendant responded, "I'm not looking for any vehicles." At approximately 9:00 a.m., defendant returned to his residence and fell asleep on the couch. After finding defendant on the couch, Darcy struggled with defendant and ultimately retrieved the keys to her car

from him. Approximately 30 minutes later, Officer Hardie discovered Darcy's car in a nearby parking lot. Darcy told Officer Hardie that she did not move her car to the parking lot.

On June 21, 2010, defendant was charged with unauthorized use of automobiles and other vehicles. A preliminary hearing was held on July 15, 2010, resulting in the charge being bound over to this court. On September 3, 2010, defendant filed the instant petition for writ of habeas corpus. The court held a hearing on defendant's petition on October 26, 2010. During the hearing, the commonwealth offered the July 15, 2010 preliminary hearing transcript and indicated that it was relying on the evidence presented during the preliminary hearing to satisfy its burden at this stage.

The petition for Writ of Habeas Corpus is the proper means for testing a pre-trial finding that the commonwealth has sufficient evidence to establish a prima facie case. *Commonwealth v. Hendricks*, 927 A.2d 289, 290-91 (Pa. Super. 2007). A prima facie case consists of evidence that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of the crime. *Commonwealth v. Fountain*, 811 A.2d 24, 25 (Pa. Super. 2002). The commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412,415 (Pa. Super. 1990). The commonwealth need not prove the elements of the crime beyond a reasonable doubt. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001). The prima facie case merely requires evidence of the existence of

each element of the crime charged. *Id.* Additionally the evidence is to be viewed in a light most favorable to the commonwealth, and the commonwealth is entitled to reasonable inferences drawn from the evidence. *Id.*

The offense of unauthorized use of automobiles and other vehicles is governed by § 3928 of the crimes code, which states that a "person is guilty of a "misdemeanor of the second degree if he operates the automobile...of another without consent of the owner." 18 Pa.C.S.A. § 3928(a). In order to establish that a violation of § 3928 occurred, evidence must be presented that the defendant operated a vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to do so. *Commonwealth v. Carson,* 592 A.2d 1318, 1321 (Pa. Super. 1991). Operation of the vehicle may be proven through direct testimony that the defendant was seen driving the vehicle or through circumstantial evidence that the defendant exercised conscious control or dominion over the vehicle. *Commonwealth v. Henry,* 875 A.2d 302, 305 (Pa. Super. 2005). Although such dominion or control may be established by circumstantial evidence, "mere suspicion or conjecture will not suffice." *In the Interest of Scott,* 566 A.2d 266, 267 (Pa. Super. 1989).

In *Henry,* the appellant was charged with unauthorized use of automobiles and other vehicles after the appellant's fingerprints were found on a placard in a stolen vehicle. *Henry,* 875 A.2d at 303-04. Evidence was presented that the owner of the vehicle did not know or have any kind of relationship with the appellant. *Id.* at 303. The

commonwealth argued that, because the victim did not know the appellant, there was no legitimate reason for the appellant's fingerprints to be found in the vehicle and that the appellant must have been the individual who took the vehicle. *Id.* at 304. The appellant argued that no one saw him in the vehicle and that the existence of his fingerprints on the placard in the vehicle only shows "mere presence" in the vehicle, which is legally insufficient to prove operation or control of the vehicle. *Id.* at 305. The Superior Court of Pennsylvania agreed, stating that "[s]ince the vehicle was found more than a day after being reported stolen with the driver's side door lock broken, Appellant could have had access to the interior of the vehicle after it was abandoned by the perpetrator who stole the car." *Id.* at 306. The court concluded that "operation of the vehicle is an essential element of the crime of unauthorized use of automobiles, and the evidence presented was insufficient to establish the element[.]" *Id.*

In *In the Interest of Robert Wood*, 419 A.2d 1316 (Pa. Super. 1980), the appellant was charged with unauthorized use of automobiles and other vehicles after the appellant's father's car and keys, which were left on top of the television set before the appellant's father went to sleep, were taken in the middle of the night. *Wood*, 419 A.2d at 1317. The commonwealth presented evidence that there were no signs of forced entry and that only members of the family had access to the house by key. *Id.* The appellant's father also testified that the family's dog did not bark at any time during the night that the car keys were taken from the home, even though the dog always barks at strangers entering the house unless they are accompanied

by a member of the family. *Id.* The commonwealth also pointed to the fact that appellant never returned home after the car and keys were taken as evidence of the appellant's guilt. *Id.* After considering the evidence presented by the commonwealth, the Superior Court found "a very weak link" between the appellant and the removal of the keys and car. *Id.* at 1318. As a result, the court determined that the commonwealth did not sufficiently prove that the appellant was responsible for the removal of the keys and car. *Id.*

In the case sub judice, evidence was presented that defendant asked to borrow Darcy's car, that defendant and the car were gone shortly thereafter, and that defendant was found with the car keys over five hours after the car was misplaced. As in *Henry* and *Wood*, defendant was never seen in Darcy's vehicle. No direct evidence was presented indicating that defendant exercised control over the car. Although evidence was presented that defendant had the opportunity to take the car, it is clear from the record that others also had access to the keys and car around the time they were taken. By demonstrating that defendant possessed the keys after the car was removed, the commonwealth did present circumstantial evidence that defendant had control over the vehicle. However, defendant was found with the keys more than five hours after the car was taken. To conclude from this circumstantial evidence that defendant was responsible for the removal of the car would amount to mere conjecture. At this stage, the commonwealth is entitled only to reasonable inferences drawn from the evidence. Therefore, defendant's Petition for Writ of Habeas Corpus is granted.

40

## ORDER OF COURT

And now, November 5, 2010, the court having held a hearing on October 26, 2010 regarding defendant Thomas J. Myers's petition for writ of habeas corpus, with Assistant District Attorney Luanne Parkonen, Esquire, appearing and representing the commonwealth, and Assistant Public Defender Dennis A. Elisco, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

1. The defendant's petition for writ of habeas corpus is granted pursuant to the attached opinion.

2. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record, Assistant District Attorney Luanne Parkonen, Esquire, and Assistant Public Defender Dennis A. Elisco, Esquire; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.