J-S68019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRAMAINE HOWARD | |
| Appellant | No. 3322 EDA 2013 |

Appeal from the Judgment of Sentence November 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009245-2012

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 01, 2014**

Following a non-jury trial, the court found Tramaine Howard guilty of receiving stolen property and sentenced him to two years' probation. Howard filed a timely notice of appeal, and both Howard and the trial court have complied with Pa.R.A.P. 1925.  The lone issue in this direct appeal is whether the evidence is sufficient to sustain Howard's conviction for receiving stolen property[1].  We affirm.

---

[1] Howard frames this issue as follows:

> WHERE THE COMMONWEALTH SHOWED ONLY THAT APPELLANT FELL ASLEEP FOR A BRIEF PERIOD IN A PARKED CAR THAT HAD BEEN STOLEN MONTHS BEFORE, WHERE THERE WAS NO PROOF THAT APPELLANT EVER ATTEMPTED TO DRIVE, OPERATE, OR OTHERWISE ASSERT DOMINION OR CONTROL OVER THE VEHICLE, AND WHERE THERE WAS NO

*(Footnote Continued Next Page)*

Our standard of review for challenges to the sufficiency of the evidence is well-settled:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

**Commonwealth v. Troy**, 832 A.2d 1089, 1092 (Pa.Super.2003) (citations omitted).

A person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the

*(Footnote Continued)* ————————

> SHOWING THAT APPELLANT KNEW OR SHOULD HAVE KNOWN THE CAR WAS STOLEN, THE EVIDENCE WAS INSUFFICIENT TO SUPPORT HIS CONVICTION FOR RECEIVING STOLEN PROPERTY.

Brief for Appellant, p. 10.

owner." 18 Pa.C.S. § 3925(a). As used in this statute, "receiving" means "acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S. § 3925(b). The Commonwealth can prove the element of intent

> entirely through circumstantial evidence. While it is clear that mere possession without more is insufficient to show that the defendant knew or should have known that the property was stolen, other facts can make the inference of guilty knowledge reasonable, even compelling. Such circumstances include but are not limited to the unexplained possession of recently stolen property, flight from the police or other evidence indicating an attempt to avoid capture and the condition of the property indicating a theft.

***Commonwealth v. Carson***, 592 A.2d 1318, 1321 (Pa.Super.1991) (footnote omitted).

Construed in the light most favorable to the Commonwealth, the evidence is as follows: at 1:22 a.m. on November 5, 2011, Officer Marco Padilla came across Howard asleep in the driver's seat of a car parked on the 4100 block of 8th Street in Philadelphia. N.T., 11/8/13 ("Tr."), pp. 9-10. The officer noticed that the car's ignition was broken, and its interior appeared to have been ransacked. Tr., p. 10-11. There were numerous scratches and dents to its exterior. Tr., p. 11. The officer checked the car's status and determined that it had been stolen on August 17, 2011. Tr., p. 10. After feeling the engine and finding it cold, the officer knocked on the

car's window and woke up Howard. Tr., pp. 10-11. Howard told the officer he was inside the car to sleep. Tr., p. 12.

The parties stipulated that (1) the car had been stolen from the house of Nancy Fuhrmeister in Philadelphia on August 17, 2011; (2) she did not know Howard; and (3) she did not give him permission to take her car. Tr., pp. 12-13. Howard testified that on the evening of November 5, 2011, he got drunk with his friend on his friend's front porch on 8th Street. Tr., pp. 18-19. He stated that he got into the car at approximately 1:00 a.m. because his friend's mother would not allow him to spend the night at his house. Tr., p. 16. Howard claimed that he thought the car was abandoned, and that he did not notice the broken ignition because he was too drunk. Tr., p. 18.

Construed in the light most favorable to the Commonwealth, the circumstantial evidence establishes that Howard was guilty of receiving stolen property. Howard did not have the owner's consent to be in the car, which was stolen from her home in Philadelphia less than two months before, yet he was sitting by himself in the driver's seat of the car, and he admitted entering the car in order to go to sleep. *Commonwealth v. Grabowski*, 549 A.2d 145, 148 (Pa.Super.1987) (possession of stolen car parts three months after theft contributes to reasonable inference of guilty knowledge); *Commonwealth v. Grabowski*, 452 A.2d 827, 830 (Pa.Super.1982) (sufficient evidence of receiving stolen property where car

had been reported stolen eleven months prior). Howard could not have missed unmistakable signs that the car was stolen. The car's interior appeared to be ransacked, its exterior had numerous scratches and dents, and the ignition directly in front of the driver's seat was broken. ***Carson***, ***supra***, 592 A.2d at 1323 (broken steering column indication that car had been stolen); ***In the Interest of Scott***, 566 A.2d 266, 267 (Pa.Super.1989) (same); ***Commonwealth v. Murray***, 371 A.2d 910, 913 (Pa.Super.1977) (ignition wires of the car pulled down). This evidence demonstrates that Howard intentionally acquired possession of a car that he knew was stolen or believed had probably been stolen.

Howard cites three decisions -- ***Commonwealth v. Scudder***, 416 A.2d 1003 (Pa.1980), ***Commonwealth v. Henry***, 875 A.2d 302 (Pa.Super.2005), and ***In the Interest of Scott***, 566 A.2d 266 (Pa.Super.1989) -- for the proposition that he was not in possession of the car at the time of his encounter with Officer Padilla. All three decisions are distinguishable.

In ***Scudder***, two patrol vehicles chased a van for three miles after the officers received a report that it was stolen. The defendant was a passenger in the van. Also inside the van were two stolen lawn mowers, a spray can of blue paint that apparently had been used to paint the van's side windows after it had been stolen from the owner. and a jumped ignition switch hanging under the van's dashboard. Our Supreme Court held that there was

insufficient evidence to sustain the defendant's conviction for receiving stolen property, because "as a passenger in the vehicle, there is no basis for finding that appellant 'received' either the van or the mowers. There is no showing that appellant exercised conscious control or dominion over these goods." *Id*., 416 A.2d at 1005. Furthermore, the spray can did not create any inference that the defendant knew the van was stolen: "The fact that the side windows had been recently painted and the paint and the gloves used to do the painting [were] in the van do not help to support such an inference. The painting of windows on such a vehicle is not so uncommon an event as would arouse the suspicion of the reasonably prudent man." *Id*. at 1006. Nor did the jumped ignition switch create any inference that the defendant knew the van was stolen:

> The significance of this fact when offered against the operator of a vehicle pales when it is offered to establish the guilty knowledge of the passenger. The Commonwealth relies upon the fact that the condition was observable. Knowledge that the van was started without a key is not the critical factor pointing to guilt. The inference of guilt flows from the fact that the operator would be aware of why he was required to use this means to start the motor. Here, there is no showing that appellant was privy to such information.

*Id*.[2]  In this case, Howard was the only occupant of a stolen car and was

sitting in the driver's seat in front of a broken ignition switch.  Moreover, the

car had other visible signs of theft on its exterior.  Thus, in contrast to the

passenger in **Scudder**, Howard had to have known that he was in

possession of a stolen car.

In **Henry**, police officers found a vehicle one day after it was stolen.

The side door lock was broken, and the defendant's fingerprints were on a

placard inside the vehicle.  The owner of the vehicle did not know the

defendant or give him permission to use the car.  This Court held that there

was insufficient evidence to sustain the defendant's conviction for receiving

stolen property:

> [Appellant's] fingerprint on the placard reveals only
> that at some point Appellant was present in the
> vehicle and nothing more. Since the vehicle was
> found more than a day after being reported stolen
> with the driver's side door lock broken, Appellant
> could have had access to the interior of the vehicle
> after it was abandoned by the perpetrator who stole
> the car. The fingerprint alone is insufficient to
> establish operation, *i.e.,* conscience control or
> dominion over the vehicle, beyond a reasonable
> doubt.

_____

[2] The Court also refused to hold that the driver's decision to flee indicated that the defendant knew the van was stolen, because there was "[no] showing that the passenger directed, encouraged or consented to the actions of the operator in this regard. The inference of guilt arising from flight may not be imputed to a passenger unless there is some evidence to indicate that the passenger concurred in the judgment to flee." **Id**. Obviously, the evidence in the present case does not raise any issue of flight.

*Id.*, 875 A.2d at 306. Here, in contrast, when Officer Padilla encountered Howard, he was sitting asleep in the driver's seat of a stolen vehicle in front of a broken ignition. This is much sturdier evidence of intent to exercise possession over a stolen vehicle than the single fingerprint in **Henry**.

Finally, in **Scott**, the juvenile appellant was one of two people who abandoned a stolen car and fled from police on foot, but police were unable to specifically identify him as the driver. Nevertheless, this Court affirmed his adjudication of delinquency, finding sufficient evidence of joint possession by both occupants of the car based on the appellant's flight from the vehicle and his failure to provide any explanation for his flight. **Id**., 566 A.2d at 268-69. **Scott** does not help Howard's cause. While Howard did not attempt to flee from Officer Padilla, the other circumstances described above provide proof of Howard's intentional receipt of stolen property.

Howard's testimony that he thought the car had been abandoned, and that he only intended to sleep inside it temporarily, is irrelevant for purposes of evaluating the sufficiency of the evidence. Our standard of review requires examination of the evidence in the light most favorable to the Commonwealth. **Troy**, **supra**. By focusing on his own self-serving testimony, Howard asks us in so many words to construe the evidence in the light most favorable to him instead of the Commonwealth.

For these reasons, the evidence of Howard's receipt of stolen property is sufficient to affirm his conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2014