J-S10023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALIK BRUNSON | |
| Appellant | No. 1456 EDA 2014 |

Appeal from the Judgment of Sentence entered April 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-0015546-2013

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 15, 2015**

A person who "operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner" is guilty of unauthorized use of a motor vehicle.  18 Pa.C.S.A. § 3928(a).  In this case, we decide whether Appellant, Malik Brunson's, admission to "placing" a stolen motorcycle in a friend's yard is sufficient to support the inference that he "operated" the motorcycle.  We hold that Appellant's admission, together with other evidence produced at trial, is sufficient to sustain his conviction.

The trial court stated the background of this case as follows:

On June 6, 2013, complainant, Jonathan Taylor, noticed that his motorcycle was missing from his home on North 7th Street [in

_____

[*] Retired Senior Judge assigned to the Superior Court.

the City of Philadelphia]. Mr. Taylor testified that a couple months later, on August 22, 2013, he saw what appeared to be his motorcycle in the backyard of 5883 North 7th Street, down the other end of the block from Mr. Taylor's house. Mr. Taylor was able to recognize some of the distinct features of his motorcycle, such as the design on the gas tank and gold front struts on the handlebars. Mr. Taylor called the police, and let them know that he believed that it was his motorcycle in the backyard of 5883 North 7th Street. The police confirmed to Mr. Taylor that it was his motorcycle in the backyard of 5883 [North 7th Street].

Mr. Taylor testified that there was substantial damage to his motorcycle, in that all the panels were removed, the headlights disassembled, the electrical system stripped, the ignition popped, and the motorcycle frame bent. The damage to the motorcycle was extensive, and unable to be fixed.

The victim further testified that the motorcycle was purchased for $2,200, that he owned it for a little over a year, and that its value when stolen was $1,500. Mr. Taylor also testified that when the motorcycle was on his property, he secured the front wheel with a metal bar to keep it from moving or being rolled away, and additionally, the front wheel was locked and turned to the side. The complainant stated that the motorcycle could not just be rolled out of the backyard because of these features, and that it would have had to be carried out of the backyard, or that "they had to break the locks to make it go straight and they had to cut the back."

Officer Randel Goodson testified that on August 22, 2013, he walked to 5883 North 7th Street with the victim and saw the motorcycle in the rear of the property. It was determined that the motorcycle was Mr. Taylor's stolen motorcycle. The [Appellant], Malik Brunson, arrived at the property shortly thereafter and confirmed that it "was his bike and that he **placed it on the property so his friend could hold it for him**."

Trial Court Pa.R.A.P. 1925(a) Opinion, 8/11/14, at 1-3 (citations of notes of testimony omitted) (emphasis added).

- 2 -

Officer Goodson arrested Appellant and charged him with criminal conspiracy, receiving stolen property, and unauthorized use of a motor vehicle. The conspiracy charge was dismissed at the preliminary hearing, and the receiving stolen property charge was dismissed on Appellant's pretrial motion after the case was held for court. Following a non-jury trial, the trial court convicted Appellant of unauthorized use of a motor vehicle and immediately sentenced him to two years' probation and $1,500.00 restitution. This appeal followed.

On appeal, Appellant challenges only the sufficiency of the evidence supporting his conviction. A challenge to the sufficiency of the evidence is a question of law. *Commonwealth v. Orie*, 88 A.3d 983, 1013 (Pa. Super. 2014).

> In challenges to the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420-21 (Pa. 2014). Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide. *Id.* We will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (quotation omitted).

*Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015).

"A person is guilty of a misdemeanor of the second degree if he **operates** the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner." 18 Pa.C.S.A. § 3928 (emphasis added).

The Crimes Code does not define operate. Therefore, we employ principles of statutory construction, under which:

> Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S.A. § 1903(a).

Concerning motor vehicles, operating is a broader term than driving. *Commonwealth v. Brown*, 407 A.2d 1318, 1319-20 (Pa. Super. 1979). In *Brown*, we concluded that a former DUI statute,[1] which prohibited only driving under the influence, was narrower in scope than an even older DUI statute,[2] which prohibited operating under the influence. *Id.* Driving

---

[1] "A person shall not **drive** any vehicle while:" under the influence of alcohol, a controlled substance, or a combination of the two "to a degree that renders the person incapable of safe driving." Act of June 17, 1976, P.L. 162, No. 81 § 1 (amended, repealed, and re-codified at 75 Pa.C.S.A. § 3802) (emphasis added).

[2] "It shall be unlawful for any person to **operate** a motor vehicle, tractor, streetcar or trackless trolley omnibus, while under the influence of intoxicating liquor or any narcotic drug or habit producing drug . . . ." Act of April 29, 1959, P.L. 58, ch. 1037 (formerly found at 75 P.S. § 1037) (repealed) (emphasis added).

required some proof that the vehicle was in motion, while operating did not. *Id.* Operating means exercising "conscious control or dominion" over the vehicle. *In the Interest of Scott*, 566 A.2d 266, 267 (Pa. Super. 1989). "Such control or dominion may be established by circumstantial evidence; however, mere suspicion or conjecture will not suffice." *Id.* Moreover, conscious control or dominion is not established merely by showing that a suspect has been a passenger in a stolen vehicle. *Id.*

In *Commonwealth v. Henry*, 875 A.2d 302, 303-04 (Pa. Super. 2005), for example, police officers recovered the abandoned vehicle of a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agent, who had reported his car stolen two days prior. The officers found Henry's fingerprint inside the car, on an ATF windshield placard the agent used to avoid parking tickets from local authorities while on government business. *Id.* On appeal, Henry claimed the Commonwealth failed to prove that he operated the stolen vehicle. A divided panel of this Court agreed:

> [Henry's] fingerprint on the placard reveals only that at some point [Henry] was present in the vehicle and nothing more. Since the vehicle was found more than a day after being reported stolen with the driver's side door lock broken, [Henry] could have had access to the interior of the vehicle after it was abandoned by the perpetrator who stole the car. The fingerprint alone is insufficient to establish operation, *i.e.*, conscience control or dominion over the vehicle, beyond a reasonable doubt.

*Id.* at 306.

In contrast, in *Commonwealth v. Marrero*, 914 A.2d 870, 871 (Pa. Super. 2006), police found Marrero's fingerprints on the inside of the engine

- 5 -

compartment. Weiland, the owner, had reported his vehicle stolen. When police recovered the car, the custom engine had been removed. We rejected Marrero's claim that the evidence of unauthorized use was insufficient:

> We find **Henry** distinguishable from the facts *sub judice.* Rather than having been found in the passenger compartment, which would have permitted an inference of being an innocent passenger, Marrero's fingerprints were found under the hood of Wieland's vehicle. It is important to note that one method of removing the engine from Wieland's vehicle would have required opening the hood of the car. The engine from Wieland's vehicle was, in fact, removed after the vehicle had been stolen. Furthermore, the location under the hood was not susceptible to an inference of innocent contact. Wieland testified that he did not know Marrero and did not know of any reason why Marrero would have legitimately been under the hood of his vehicle.

*Id.* at 872 (internal citations of notes of testimony omitted).

**Henry** and **Marrero** together are instructive. Those cases show that the Commonwealth must prove more than a mere connection between the defendant and the vehicle. This case falls in between **Henry** and **Marrero**. Unlike **Henry**, Appellant is connected to the motorcycle through his admission to Officer Goodson. However, unlike **Marrero**, no direct evidence connects Appellant to the disabling damage caused to the motorcycle.

Here, Taylor's motorcycle disappeared from his yard. Taylor had secured the motorcycle with a lock and metal bar on the front wheel. To move the motorcycle, it was necessary to cut the lock and remove the metal bar. The motorcycle was found in the yard of Appellant's friend, damaged beyond repair. When asked by Officer Goodson, Appellant claimed to own

the motorcycle and said he "placed" it there. We hold that Appellant's admission to "placing" the vehicle in his friend's yard is sufficient to show that Appellant operated the motorcycle without Taylor's authorization.

We must accept as true Officer Goodson's testimony regarding Appellant's statement. Appellant's admission to placing the motorcycle where it was found is sufficient to support the inference that he exercised conscious dominion or control over the motorcycle. Placing requires movement, and movement can be inferred in several ways. Appellant could have physically carried the motorcycle. Appellant also could have pushed it. Finally, Appellant could have manipulated the ignition so the motorcycle would start without a key, and driven it into his friend's yard.

We do not find Appellant's argument to the contrary persuasive. Appellant attempts to provide his own inferences from the evidence. We must accept as true all inferences that can be derived from the evidence, and view those inferences in the light most favorable to the Commonwealth. **Forrey**, **supra**. The Commonwealth can rely on circumstantial evidence to meet its burden. Although it is possible to draw innocent inferences from the evidence, the evidence "does not need to disprove every possibility of innocence." **Id.**

Furthermore, Appellant's analogies to model airplanes and televisions are inapt. It is true that a burglar who carries away a television set or a person who holds a model airplane has not "operated" the television or airplane, respectively. However, these analogies require applying the

**common meaning** of "operate." Operating, as applied to unauthorized use of a motor vehicle, is a term of art with a peculiar meaning established by case law. *See* 1 Pa.C.S.A. § 1903(a) (providing that technical words or words that have acquitted a peculiar meaning "shall be construed according to such peculiar and appropriate meaning or definition"). Thus, operating—in context—means more than merely turning on a television or controlling a model airplane. For purposes of 18 Pa.C.S.A. § 3928, it means exercising conscious dominion and control over a motor vehicle. Appellant's admission to placing the motorcycle in his friend's backyard satisfies this peculiar definition.

In sum, Appellant's admission to "placing" in his friend's backyard the victim's stolen motorcycle, together with the other evidence produced at trial is sufficient to sustain his conviction for unauthorized use of a motor vehicle. Because there is no merit to Appellant's argument, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

- 8 -